# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY D. ANEKE, *Appellant*, v. CENLAR FSB AND CITIMORTGAGE, INC., *Appellee* | Civil Action No. 23-cv-3515-ABA |

## MEMORANDUM OPINION AND ORDER

Appellant Anthony Aneke has appealed the bankruptcy court's November 14, 2023 order dismissing his Chapter 13 bankruptcy case for failure to file a sixth proposed bankruptcy plan. Bankr. D. Md. 22-bk-13083 at No. 66. For the reasons that follow, the Court affirms the dismissal order and dismisses the appeal.

### I.    FACTS

Mr. Aneke, through counsel, filed a Chapter 13 bankruptcy case on June 6, 2022. *Id*. at No. 1. He filed his first proposed plan on June 24, 2022. *Id*. at No. 14. The bankruptcy court denied the plan on August 17, 2022, with leave to amend. *Id*. at No. 30. That denial order provided that "if within the time granted for amendment the Debtor does not file an Amended Plan . . . then this case may be dismissed by the Court pursuant to 11 U.S.C. § 1307(c)(5) without further notice or hearing." *Id*.

Mr. Aneke filed a second proposed plan on September 23, 2022, *id*. at No. 40, but on October 20, 2022, the bankruptcy court again denied it with leave to amend, *id*. at No. 41. This denial also contained the same warning regarding failure to timely file an amended plan. *Id*.

Mr. Aneke filed a third proposed plan on November 15, 2022. *Id.* at No. 43. On December 30, 2022, the bankruptcy court also denied this plan with leave to amend. *Id.* at No. 44. This order contained the same warning as the other two denials. *Id.*

Mr. Aneke filed a fourth proposed plan on January 17, 2023. *Id.* at No. 46. Then, on April 4, 2023, Mr. Aneke filed a separate adversary proceeding against three of the bankruptcy creditors and the trustee. Bankr. D. Md. 23-ap-00087. The bankruptcy court denied Mr. Aneke's fourth proposed plan on June 5, 2023, with leave to amend. Bankr. D. Md. 22-bk-13083 at No. 49. The dismissal order contained the same warning as the previous orders. *Id.*

Mr. Aneke filed a fifth proposed plan on June 29, 2023. *Id.* at No. 53. The court denied this plan on September 21, 2023, with leave to amend. *Id.* at No. 58. As with all the previous denial orders, this order contained the warning that "if within the time granted for amendment the Debtor does not file an Amended Plan . . . then this case may be dismissed by the Court pursuant to 11 U.S.C. § 1307(c)(5) without further notice or hearing." *Id.* Mr. Aneke was given until October 10, 2023 to file a sixth proposed plan. *Id.*

On October 2, 2023, Mr. Aneke and his counsel engaged in a video call. Appellant Brief, ECF No. 6 at 2. According to Mr. Aneke, during that call counsel told Mr. Aneke that he was going to withdraw as counsel from the case. *Id.* Counsel told Mr. Aneke that, in the adversary proceeding, he would file a motion for a 60-day extension of time to respond to a motion to dismiss that had been filed. *Id.* Counsel filed the motion on that same day. Bankr. D. Md. 23-ap-00087 at No. 14. Mr. Aneke states that his understanding had been that counsel would also seek a similar extension to file an amended plan in the underlying bankruptcy case. Appellant Brief, ECF No. 6. at 2-3.

2

On October 11, 2023, Mr. Aneke, through his counsel, moved for a 30-day extension to file the latest amended plan in the bankruptcy case, seeking to extend the deadline to November 10, 2023. Bankr. D. Md. 22-bk-13083 at No. 60. In that motion, counsel stated that "Counsel and debtor are at an impasse about the direction of this case" and that "Counsel mailed out a 7-day notice and intends to withdraw his appearance not later than Friday, October 15, 2023." *Id.* The bankruptcy court granted this extension on October 12, 2023. *Id.* at No. 61. The extension order provided that "DEBTOR IS HEREBY NOTIFIED that failure to complete the required filings within the extended time allowed by this Order may result in dismissal of this case." *Id.*

On November 9, 2023, Mr. Aneke's counsel filed his motion to withdraw, *id.* at No. 63, which the bankruptcy court granted on November 13, 2023, *id.* at No. 64. Then, because Mr. Aneke had failed to file a sixth proposed plan by the extended November 10, 2023 deadline, the court dismissed Mr. Aneke's case on November 14, 2023. *Id.* at No. 66.

Mr. Aneke, acting *pro se*, has now appealed that dismissal order. ECF Nos. 1 & 6. Appellee and bankruptcy creditor, Cenlar FSB, filed a response brief, ECF No. 9, and Mr. Aneke filed a reply brief, ECF No. 13. Mr. Aneke argues that he did not know that his counsel failed to move for a 60-day extension to file the amended plan, so he assumed he had until December 10, 2023 (rather than November 10, 2023, which the 30-day extension provided) to file it. He asserts that his failure to timely file the amended plan was excusable neglect. Appellant Brief, ECF No. 6 at 4-5.

**II.    STANDARDS**

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). A district court hearing an appeal from a bankruptcy court applies the same standards of

3

review that a federal court of appeals applies to appeals from district courts. *Paramount Home Ent. Inc. v. Cir. City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010) (citing *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992)). It reviews for abuse of discretion any dismissal based on "failure to prosecute," *Cline-Thomas v. Keels*, 742 F. App'x 761 (4th Cir. 2018) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), or "violation of court orders." *Attkisson v. Holder*, 925 F.3d 606, 620 (4th Cir. 2019). A bankruptcy court abuses its discretion in this context if it "acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Cline-Thomas*, 742 F. App'x 761 (quoting *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018)).

### III. DISCUSSION

A bankruptcy court may dismiss a case for a variety of reasons "after notice and a hearing," including when a debtor fails to timely file a plan and after the court denies confirmation of a plan. 11 U.S.C. § 1307(c)(3) & (5). Mr. Aneke had ample notice that missing the deadline to file his amended plan could lead to dismissal without further notice or a hearing, which is ultimately what happened in his case. This lack of a hearing is not an abuse of discretion, however. The phrase, "after notice and a hearing," "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; *but . . . authorizes an act without an actual hearing* if such notice is given properly" and "a hearing is not requested timely by a party in interest; or . . . there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act." 11 U.S.C. § 102(1) (emphasis added).

In addition to section 1307, and independently, section 105 gives bankruptcy courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and provides that "no provision of this title . . . shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The Fourth Circuit has held that section 105 includes the power to dismiss a case *sua sponte*. *In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996); *see* 8 *Collier on Bankruptcy* P 1307.04 (providing that section 105 "presumably would give the court the power to dismiss a case *sua sponte*").

Finally, courts in this district have previously affirmed dismissals of bankruptcy cases without hearings where the debtor had filed numerous rejected plans and, despite being warned that failure to file a timely plan could lead to dismissal, failed to timely file a new amended plan. *Boateng v. Grigsby*, No. 18-cv-2948-PJM, 2019 WL 1767424, at *3-4 (D. Md. Apr. 22, 2019) (affirming dismissal after the debtor failed to timely file an amended plan, having previously "submitted at least four [rejected] Chapter 13 Plans"); *Mustafa v. Branigan*, No. 16-cv-3828-PJM, 2017 WL 2634153, at *3 (D. Md. June 16, 2017) (affirming dismissal after the debtor failed to timely file an amended plan, having previously "submitted a total of four plans that were deemed deficient"). Mr. Aneke's failure to file a sixth proposed plan or seek an additional extension is also not cured by his *pro se* status at the time of the dismissal. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Given the bankruptcy court's statutory authority to dismiss cases where the debtor fails to timely file a plan, and given the number of rejected plans filed by Mr.

5

Aneke, the Court concludes that the bankruptcy court did not abuse its discretion in that it did not act "arbitrarily or irrationally," "fail[] to consider" constraints on its "exercise of discretion," or "rel[y] on erroneous factual or legal premises." *Cline-Thomas*, 742 F. App'x 761 (quoting *Dillard*, 891 F.3d at 158).

Thus, this Court must affirm the decision of the bankruptcy court to dismiss Mr. Aneke's case.

## IV. CONCLUSION and ORDER

Upon consideration of Mr. Aneke's appeal of the bankruptcy court's November 14, 2023 order dismissing his case, and the additional briefs filed by the parties, and because the bankruptcy court did not abuse its discretion, it is ORDERED that the bankruptcy court's order dismissing Mr. Aneke's case is AFFIRMED and the appeal is DISMISSED. The Clerk of Court is directed to mark this case as CLOSED.

Date: December 30, 2024              _____/s/_____
                                     Adam B. Abelson
                                     United States District Judge

6